**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHECKPOINT SYSTEMS, INC.** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 01-CV-2223** |
| **ALL-TAG SECURITY S.A., ET AL.** | : | |
| **Defendants.** | : | |

**MEMORANDUM AND ORDER**

Tucker, J.                                                October __, 2011

Presently before this Court are Defendant All-Tag Security S.A.'s Documents in Support

of Attorneys' Fees and Costs (Docs. 304 and 305), Defendant Sensormatic Electronics

Corporation's Documents in Support of Attorneys' Fees and Costs (Doc. 306), and Plaintiff's

Objections thereto (Doc. 307).  For the reasons set forth below, Plaintiff shall pay Defendant

All-Tag Security S.A.'s Attorneys' Fees and Costs in the amount of $2,432,572.77 and shall pay

Defendant Sensormatic Electronics Corporation's Attorneys' Fees and Costs in the amount of

$4,151,147.21.

**I.  BACKGROUND**

The case giving rise to this Order is a patent infringement action concerning a patent for

disposable, deactivated resonance labels, which are used to provide protection from theft in

department stores, supermarkets, and other businesses in the retail industry.  In May 2001,

Plaintiff brought suit against Defendants All-Tag Security S.A. ("All-Tag") and Sensormatic

Electronics Corporation ("Sensormatic") for alleged infringement of its U.S. Patent No.

4,876,555 ("the '555 patent").  In February 2007, the case went to trial and a jury found in favor

of Defendants.  In an Order dated February 9, 2009 (Doc. 303), this Court found this case to be

"exceptional" under 35 U.S.C. § 285 and ordered Plaintiff to pay Defendants their respective

attorneys' fees, expenses, and pre-judgment and post-judgment interest.[1]   The Court further

ordered Defendants to submit a bill of attorneys' fees and expenses incurred and ordered Plaintiff

---

[1]        In a patent case, it is within the District Court's discretion to award attorney fees and expenses if the prevailing party has established by clear and convincing evidence that the case is "exceptional" under 35 U.S.C. § 285.  See Mathis v. Spears, 857 F.2d 749 (Fed. Cir. 1988).  The purpose of Section 285 is to permit an award of fees where it would be grossly unjust for the winner to be left to bear the burden of its own counsel and to deter parties from bringing bad-faith litigation.  See Cent. Soya Co. v. Geo A. Hormel & Co., 723 F.2d 1573, 1578 (Fed. Cir. 1983); Mathis, 857 F.2d at 754.  The Court generally weighs several factors in determining whether a case is exceptional, and such a determination is based on the totality of the circumstances. Yamanouchi Pharm. Co., Ltd., v. Danbury Parmacal, Inc., 231 F.3d 1339, 1347 (Fed. Cir. 2000).  "Bad faith and willful infringement are not the only criteria whereby a case may be deemed to be 'exceptional,' although when either is present the requirement is more readily met. Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice to make a case exceptional under § 285." Sensonics, Inc. v. Coherent, Inc., 81 F.3d 1566, 1574 (Fed. Cir. 1996).  Where the patentee does not compare the asserted patent claims to the accused product, such conduct constitutes a manifestly unreasonable assessment of infringement and warrants an award of attorney fees under Section 285.  See Eltech Sys. Corp. v. PPG Indus., Inc., 903 F.2d 805, 811 (Fed. Cir. 1990); Loctite Corp. v. Fel-Pro, Inc., 667 F.2d 577, 584 (7th Cir. 1981).

        Here, Checkpoint is an $834 million dollar company listed on the NYSE, and its only major competitor in the United States is All-Tag, an approximately $15 million company.  Checkpoint's infringement expert, Dr. Markus Zahn, did not test an All-Tag product to support Checkpoint's assertion that All-Tag infringed on its '555 patent.  Dr. Zahn only examined tags from All-Tag A.G. of Switzerland, not the Actual Accused Product manufactured by All-Tag S.A. of Belgium.  Furthermore, Dr. Zahn's factual assumptions were derived from his review of All-Tag's patents, rather than its actual accused products.  All-Tag provided all parties with samples of the Accused Product on November 22, 2002, giving Checkpoint ample time to have the expert's infringement analysis completed.  Checkpoint's Chief Engineer, Mr. Mazoki, also testified to the same.  To establish infringement in a patent case, the patentee is required to compare the claims in the patent to the accused product. See, e.g., L & W Inc. v. Shertech, Inc., 471 F.3d 1311, 1315-16 (Fed. Cir. 2006); Forest Labs. Inc. v. Abbot Labs., 239 F.3d 1305, 1313 (Fed. Cir. 2001); Desper Prods., Inc. v. QSound Labs, Inc., 157 F.3d 1325, 1332 (Fed. Cir. 1998); Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995).  The evidence established that Checkpoint never looked at the accused products in relation to the '555 patent. (Trial Excerpt ¶¶ 36-41, February 8, 2007.)  This alone warrants an exceptional case finding. Digeo, Inc. v. Audible Inc., 505 F.3d 1362, 1367 (Fed. Cir. 2007) (bringing a "baseless or frivolous suit against an accused infringer … is a sufficient basis to require a district court to deem the case exceptional under § 285."); Eltech Sys. Corp., 903 F.2d at 810-11 (affirming a fee award where the patentee filed and pursued a patent suit without any reliable evidence of infringement, the court stated that "[w]here … the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith ….").

to file any objections to the bills within ten (10) days.

Defendant All-Tag submitted its bill of costs and attorneys' fees (Docs. 304 and 305) on February 20, 2009.  All-Tag's attorneys' fees, expenses, pre-judgment interest and post-judgment interest total $2,432,572.77.  Specifically, All-Tag's bills break down as follows:

| | |
|---|---|
| Attorneys' Fees | $1, 607,506.71 |
| Expenses | $191,127.42 |
| Pre-judgment Interest | $633,578.81 |
| Post-judgment Interest | $359.83 |

Not included in All-Tag's total is the post-judgment rate of $35.98 per day which is still accruing.

Defendant Sensormatic submitted its bill of costs and attorneys' fees (Doc. 306) on February 23, 2009.  Sensormatic's attorneys' fees, expenses, pre-judgment interest and post-judgment interest total $4,201,147.21.  Specifically, Sensormatic's bills break down as follows:

| | |
|---|---|
| Attorneys' Fees | $3,148,965.65 |
| Expenses | $336,762.48 |
| Pre-judgment Interest | $805,876.50 |
| Post-judgment Interest | $778.75 |

Sensormatic's total figure includes a deduction of $91,236.17 representing the amount Checkpoint has already paid Sensormatic for the Clerk's taxation of costs.  Not included in Sensormatic's total is the post-judgment rate of $55.63 per day which is still accruing.

On March 6, 2009, Plaintiff filed Objections to Defendants' All-Tag and Sensormatic Bills of Attorneys' Fees and Costs (Doc. 307).  Plaintiff admittedly "does not challenge the

specific rates of Defendants' counsel or the reasonableness of the time spent on various particular tasks." (Pl. Objections 1.)  Instead, Plaintiff raises four (4) objections to Defendants' petitions: (1) the conduct allegedly supporting the "exceptional case" finding does not justify anything more than a nominal award of attorneys' fees; (2) the Court should exclude legal fees and expenses incurred for matters on which Defendants did not prevail; (3) the Court should exclude legal fees and expenses filed by Defendant Sensormatic that were not related to any work or actual tasks counsel performed in the case (i.e., fees incurred prior to case filing, fees without descriptions of work, and a "litigation success" bonus); and (4) the Court should exclude legal fees and expenses filed by Defendant All-Tag that All-Tag did not actually incur, but rather, were incurred by a third party.

## II.  LEGAL STANDARD

Under 35 U.S.C. § 285, the court, in exceptional cases, may award reasonable attorney fees to the prevailing party.  The purpose of the statute is "to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." Central Soya, 723 F.2d at 1578. Section 285 serves as a deterrent to "improper bringing of clearly unwarranted suits" for patent infringement.  Mathis, 857 F.2d at 754.

The purpose of allowing Plaintiff to file objections to the bills of attorneys' fees and expenses is to permit Plaintiff to contest the reasonableness of the fees.  See generally Armament Systems and Procedures, Inc. v. IQ Hong Kong Limited, 546 F. Supp 2d 646 (E.D. Wis. 2008) (discussing at length objections to an award of attorneys' fees using a reasonableness standard). The starting point for a calculation of reasonable attorneys' fees is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.  Hensley v.

Eckerhart, 461 U.S. 424, 433 (1983).  The District Court should reduce the fees awarded by

excluding hours that are excessive, redundant, unnecessary or otherwise not reasonably

expended.  Id. at 433-34.  Additionally, other considerations may lead the district court to adjust

the fee as necessary.  Id. at 434.  One such consideration is the result obtained.  Id.  When an

adverse party has raised an objection to a fee request, "the district court has a great deal of

discretion to adjust the fee award in light of those objections."  Rode v. Dellarciprete, 892 F.2d

1177, 1183 (3d Cir. 1990).  See, e.g.,Kimberly-Clark Corp. v. Johnson & Johnson, 745 F.2d

1437, 1458 (Fed. Cir. 1984) ("[t]he matter of attorney fees rests, of course, within the sound

discretion of the trial judge, who is in the best position to determine whether, ... [and to what

extent], they should be awarded.").

## III.  DISCUSSION

Plaintiff does not challenge the reasonableness of the time spent on various tasks by

defendants' counsel, nor does Plaintiff challenge the specific rate at which Defendants' counsel

was paid.  Plaintiff raises four objections to the attorneys' fees awarded Defendants: the conduct

allegedly supporting the "exceptional case" finding does not justify anything more than a nominal

award of attorneys' fees; the Court should exclude legal fees and expenses incurred for matters on

which Defendants did not prevail; the Court should exclude legal fees and expenses filed by

Defendant Sensormatic that were not related to any work or actual tasks counsel performed in the

case (i.e., fees incurred prior to case filing, fees without descriptions of work, and a "litigation

success" bonus); and the Court should exclude legal fees and expenses filed by Defendant

All-Tag that All-Tag did not actually incur, but rather, were incurred by a third party.  These will

be discussed in turn.

**A.      Plaintiff's Objection That its Conduct Does Not Support an "Exceptional Case" Finding and Does Not Justify Anything More Than a Nominal Award of Attorneys' Fees**

Plaintiff's first objection, that the conduct supporting the finding of an "exceptional case" under 35 U.S.C. § 285 cannot justify more than a "nominal award" of attorneys' fees, is a thinly veiled and untimely attempt to have this Court reconsider the "exceptional case" finding already rendered.  35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  In an Order dated February 9, 2009 (Doc. 303), this Court found this case to be "exceptional" under 35 U.S.C. § 285 and ordered Plaintiff to pay all reasonable attorneys' fees to Defendants.  Thus, Plaintiff's initial objection is merely an attempt to have this Court reconsider its decision.  By not raising this argument in a properly filed motion for reconsideration within ten (10) days of the Court's Order as required by Local Rule 7.1(g), Plaintiff has waived this objection.

**B.      Fees and Expenses Incurred for Matters on Which Defendants Did Not Prevail**

Plaintiff's second objection urges the Court to exclude legal fees and expenses incurred for matters on which Defendants did not prevail. (Pl. Objections 12.)  Specifically, Plaintiff asks the Court to exclude $298,837.94 of Defendant All-Tag's fees and costs and $788,241.46 of Defendant Sensormatic's fees and costs for the following matters that Plaintiff claims were "lost" by Defendants: (1) Summary Judgment Motion for Incorrect Inventorship; (2) Appeal to the Federal Circuit; (3) Claim construction of the '555 Patent; and (4) Summary Judgment Motions for Non-Infringement, Laches, and Equitable Estoppel Defenses.  (Pl. Objections 12-14.)

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney

fees to the prevailing party."  "When a prevailing party has obtained excellent results, his attorney should recover a fully compensatory fee . . . . Litigants in good faith may raise alternative legal grounds for a desired outcome and the court's rejection of . . . certain grounds is not a sufficient reason for reducing a fee."  <u>Mathis</u>, 857 F.2d at 756 (citing <u>Hensley</u>, 461 U.S. at 435).  A defendant is a "prevailing party" only if a court finds that the plaintiff's claim was frivolous, unreasonable, groundless, or brought in bad faith.  <u>System Management Inc. v. Loiselle</u>, 154 F. Supp 2d 195, 200 (D. Mass. 2001) (citing <u>Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n</u>, 434 U.S. 412 (1978)).

In the present case, the District Court has already found Defendants to be prevailing parties in its February 9, 2009 Order.  The Court further found that Plaintiff's claim was brought in bad faith, the basis for its finding of an "exceptional" case.  Plaintiff cites no case law to support its contention that Defendants should not be awarded fees for matters which Defendants lost.  In <u>Evident Corp. v. Church & Dwight Co., Inc.</u>, the court expressly rejected plaintiff's argument that the prevailing defendant should not recover the costs of preparing a summary judgment motion. 2003 U.S. Dist. LEXIS 26296, *25 (D.N.J. Jun. 30, 2003).  Ultimately, the court awarded defendant all reasonable fees, including those related to its denied motions for summary judgment, reasoning that defendant "would not have had to incur any legal expenses had the applicants not engaged in inequitable conduct." <u>Id</u>.

In the instant case, Defendants should be awarded reasonable attorneys' fees for the matters which Plaintiff claims were "lost" by Defendants.  Defendants were the prevailing parties who obtained an "excellent result"; they successfully defended the case.  They did not file any of

-7-

their motions in bad faith, nor were they frivolous.[2]

Accordingly, Defendants All-Tag and Sensormatic should not have their attorneys' fees award lowered by $298,837.94 and $788,241.46, respectively.

### C.   Legal Fees and Expenses Filed by Defendant Sensormatic Not Related to Work or Actual Tasks Counsel Performed

Plaintiff also argues that the Court should exclude any legal fees and expenses that were not related to any work or actual tasks counsel performed in the case.  (Pl. Objections 15.) Specifically, Plaintiff objects to: $7,897.88 in legal fees and expenses incurred by Sensormatic prior to case filing; $424,391.53 in legal fees and expenses billed by Sensormatic without descriptions of work; and $50,000.00 billed by Sensormatic as a "litigation success" bonus. (Pl. objections 15-16.)

The first two objections can be quickly dismissed.  Where a prevailing party has obtained excellent results, his attorney should recover a fully compensatory fee, including all hours reasonably expended on the litigation.  Hensley, 461 U.S. at 435.  In Central Soya, the court interpreted attorney fees, under 35 U.S.C. § 285, "to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit."  723 F.2d 1573, 1578; see, e.g., Austrian Airlines Oesterreichische Liftverkehrs AG v. UT Finance Corp., 2008 U.S. Dist. LEXIS 90985, *30 ("UTF was justified in retaining counsel when a lawsuit was reasonably anticipated (indeed, imminent), and should be reimbursed for its attorneys' fees for reasonable work done in advance of the actual commencement of suit.").  Again, Plaintiff cites no law in support of its objections, but merely states that it is so.  Plaintiff even admits that the

---

[2]  Plaintiff does not proffer any case law to support its position that these fees should be excluded.

$7,897.88 was for expenses related to "All-Tag matter." (Pl. Objections 15.) Accordingly, Sensormatic's attorneys' fee award should not exclude the $7,897.88.

As to Plaintiff's second contention, that $424,391.53 was billed by Sensormatic without descriptions of work, Sensormatic located the descriptions of work for the invoices in question and provided such information to Plaintiff's Counsel on March 12, 2009. (Def. Sensormatic Reply 3, Ex. 3.) Accordingly, because Plaintiff does not dispute the reasonableness of the fees or time spent by the attorneys, and because the matter has been substantiated and documented, Sensormatic's attorneys' fee award should not be lowered by $424,391.53.

### 1.      Litigation Bonus

Defendant Sensormatic seeks payment of $50,000 in "Litigation Bonus" fees paid to Pepper Hamilton in December 2007 pursuant to their fee arrangement, which provided for payment of the bonus if Sensormatic prevailed at trial. (Pl. Objections 16.) Plaintiff contends that the bonus is not connected to work performed by counsel and thus, should not be considered as part of Sensormatic's "reasonable" attorneys' fees.[3] (Pl. Objections 16.)

The purpose of 35 U.S.C. § 285 is "to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." Central Soya, 735 F.2d at 1578. The rationale behind a § 285 award is "compensatory, not punitive," and as such should "compensate a prevailing party for monies which he had to spend which he would not have had to spend but for the losing party's misconduct." Gilbreth International Corp. v. Lionel Leisure, Inc., et al., 622 F. Supp. 478, 487 (E.D. Pa. 1985) (citing Mueller Brass Co. v. Reading Industries, Inc., 352 F. Supp. 1357, 1381 (E.D. Pa. 1972), aff'd, 487 F.2d 1395 (3d Cir. 1973)). The ultimate question is

---

[3]  Neither party offers case law to support their positions.

whether the fee sought is unreasonable. <u>See</u> <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989).  The

Supreme Court has not looked to the actual fee agreement between the party and its attorneys to

determine what is "reasonable." <u>City of Burlington v. Dague</u>, 505 U.S. 557 (1992) (prohibiting,

under Solid Waste Disposal and Clean Water Acts, enhancement of fee award to reflect that

attorneys were retained on contingent-fee basis); <u>Blanchard</u>, 489 U.S. 87 (allowing fee award to

exceed fees plaintiff actually owed to his attorney under contingent fee agreement); <u>Blum v.</u>

<u>Stenson</u>, 465 U.S. 886 (1984) (calculating "reasonable" fees according to prevailing market rates

in relevant community, regardless of fees actually billed by plaintiff's attorney).

We begin our assessment of the validity of the $50,000.00 litigation success bonus with

the inquiry into whether the amount is reasonable.  First, a reasonable attorneys' fee is one that is

generally correlated to a reasonable amount of time expended on the case multiplied by a

reasonable hourly rate.  Here, the litigation success bonus was not billed to Sensormatic as a

product of actual work completed by Pepper Hamilton.  Rather, it was tied to the overall outcome

of the litigation.  For this reason, the Court finds the bonus represents a form of duplication of the

amounts already paid to compensate Pepper Hamilton counsel for work performed in defending

the lawsuit.  Furthermore, requiring Plaintiff to pay the litigation bonus does not align with the

purpose of the exceptional case finding, which is designed to compensate a party for money it

was required to spend to litigate the case.  The bonus here was not a requirement of defending the

lawsuit.[4]  Rather, the bonus was merely an additional financial incentive, an amount paid on top

of the already accounted for attorneys' fees, to achieve a desirable result.  Accordingly, this Court

does not find the litigation success bonus to be reasonable and will reduce the lodestar

---

[4] Had Defendant lost, the "litigation bonus" would not have been paid.

-10-

calculation by $50,000.00.

       **D.**      **Legal Fees and Expenses Filed by Defendant All-Tag That Were Incurred by a Third Party**

      Lastly, Plaintiff argues that it should not be required to pay portions of the claimed legal fees because the invoices submitted in support of All-Tag's Bill of Attorneys' Fees and Expenses were billed to Kobe Properties, Ltd. and not All-Tag.  (Pl. Objections 17.)  Specifically, the fees objected to include: $1,102,816.26 from Breiner & Breiner, L.L.C.; $320,958.05 from Reed Smith LLP; and expenses from Breiner & Breiner in the amount of $147,910.77.  (Pl. Objections 18-19.)  Plaintiff argues that, since Kobe Properties was never a party to the case, it could not be a prevailing party under 35 U.S.C. § 285.  Thus, Plaintiff argues, All-Tag cannot recover these attorneys' fees and expenses.[5]  All-Tag contends that to whom the invoices were addressed is immaterial, and the Court should, instead, note that All-tag paid all of the attorney fees and expenses in the case. (Def. All-Tag Mot. 3.)

      All-Tag relies on Automated Business Companies, Inc. v. NEC America, Inc. for the proposition that, in determining the amount of an award "under § 285 in an egregious case, courts should not be, and have not been, limited to reimbursement of only those amounts actually paid by the injured named party."  202 F.3d 1353, 1356 (Fed. Cir. 2000).  In Automated Business Companies, the court noted that parties can recover legal fees under Section 285 even when those fees are paid by a non-party.  Id.  Therefore, even if Kobe Properties assumed some of the legal expenses in defending the case, All-Tag is no less entitled to those fees had it paid the fees on its own.

---

[5]  Plaintiff cites no case law to support this position.

 Accordingly, Defendant All-Tag should not have its attorneys' fees award lowered by those costs invoiced to Kobe Properties.[6]

## IV.  CONCLUSION

For the reasons set forth above, the Court has determined that Plaintiff must pay to Defendant All-Tag $2,432,572.77 representing fair and reasonable attorneys' fees of $1,607,506.71, expenses of $191,127.42, pre-judgment interest of $633,578.81 and all accrued post-judgment interest at a rate of $35.98 per day.  The Court has also determined that Plaintiff must pay to Defendant Sensormatic $4,151,147.21[7] representing fair and reasonable attorneys' fees of $3,098,965.65, expenses of $336,762.48, pre-judgment interest of $805,876.50 and all accrued post-judgment interest at a rate of $55.63 per day. An accompanying Order follows.

---

[6] Of the $1,297,202.00 in Breiner firm legal fees All-Tag listed in its Bill, $1,102,816.25 was billed to Kobe Properties. Of the $162,829.21 in Breiner firm expenses All-Tag seeks, $147,910.77 was billed to Kobe Properties. Of the $338,602.92 in Reed Smith legal fees and expenses All-Tag seeks, $320,958.05 was billed to Kobe Properties.

[7] Sensormatic's total figure includes a deduction of $91,236.17 representing the amount Checkpoint has already paid.