**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHECKPOINT SYSTEMS, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| ALL-TAG SECURITY S.A., et al., | : | NO. 01-2223 |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

**TUCKER, C.J.**                                                    **December 2, 2015**

Presently before the Court are Defendants All-Tag Security S.A., All-Tag Security Americas, Inc., and Kobe Properties SARL's Supplemental Bill of Attorney Fees and Expenses (Docs. 353, 354), Defendant Sensormatic Electronics Corporation's Supplemental Bill of Attorney Fees and Expenses (Docs. 355, 356), Plaintiff Checkpoint Systems Inc.'s Objections (Docs. 358, 359), and Defendant Sensormatic Electronics Corporation's Reply thereto (Doc. 364). Upon consideration of the parties' submissions and for the reasons set forth below, this Court will award: (1) to Defendants All-Tag Security S.A., All-Tag Security Americas, Inc., and Kobe Properties SARL, $312,815.96 less fees and expenses incurred prior to and including February 20, 2009, along with prejudgment interest at a simple rate of 6% and post-judgment interest at the statutory rate of 0.39%; and (2) to Defendant Sensormatic Electronics Corporation, $692,657.19 less fees and expenses incurred prior to and including February 23, 2009, along with prejudgment interest at a simple rate of 6% and post-judgment interest at the statutory rate of 0.39%.

## I.      BACKGROUND

Plaintiff Checkpoint Systems, Inc. ("Checkpoint") brought this patent infringement action against Defendants All-Tag Security S.A., All-Tag Security Americas, Inc. (collectively "All-Tag"), and Sensormatic Electronics Corporation ("Sensormatic" or, collectively, "Defendants") for infringing on Checkpoint's U.S Patent No. 4,876,555 ("the '555 patent"). The '555 patent claimed a resonance label, an antitheft device used by retailers, and a method of making it. After a twelve-day trial ending February 13, 2007, a jury returned a verdict for Defendants and against Checkpoint. The Court found the case to be "exceptional" under 35 U.S.C. § 285 and ordered an award of attorney fees, expenses, prejudgment interest, and post-judgment interest to Defendants. It awarded $2,432,572.77 to All-Tag and $4,151,147.21 to Sensormatic. Docs. 313, 314; *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, Civ. Action No. 01-CV-2223, 2011 WL 5237573, at *6 (E.D. Pa. Nov. 2, 2011) [hereinafter *Fee Decision*].

Checkpoint appealed the attorney fees award to the Federal Circuit, which reversed the Court's exceptional case finding and award of attorney fees, costs, and interest. *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 711 F.3d 1341, 1348 (Fed. Cir. 2013). During the appeal, the Federal Circuit added Kobe Properties SARL ("Kobe Properties") as a defendant because All-Tag Security S.A. had entered bankruptcy and had assigned its rights to any award of attorney fees and costs to Kobe Properties. Afterwards, the Supreme Court granted Defendants' writ of certiorari, vacated judgment of the Federal Circuit, and remanded for consideration under *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), and *Highmark Inc. v. Allcare Health Management System, Inc.*, 134 S. Ct. 1744 (2014). *Kobe Props. SARL v. Checkpoint Sys., Inc.*, 134 S. Ct. 2134 (2014). On remand, the Federal Circuit discussed the new standard, vacated judgment of this Court, and remanded to this Court to determine whether the

case is exceptional. *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 572 F. App'x 988, 989 (Fed. Cir. 2014).

On remand, this Court again took up the question of whether the underlying patent case was "exceptional" under Section 285. It again found, under the more lenient *Octane Fitness* standard, that the case is exceptional and that an award of attorney fees is warranted. *Checkpoint Sys., Inc. v. All-Tag Security S.A.*, Civ. Action No. 01-2223, 2015 WL 4941793, at *3, *5 (E.D. Pa. Aug. 19, 2015) [hereinafter *Exceptional Case Decision*]. The Court reinstated the award rendered in the *Fee Decision*, along with post-judgment interest, and ordered Defendants to submit their bills of attorney fees and expenses incurred since November 2, 2011, the date of the *Fee Decision*.

## II.    LEGAL STANDARD

In patent litigation, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The purpose of Section 285 is "to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Automated Bus. Cos. v. NEC America, Inc.*, 202 F.3d 1353, 1355 (Fed. Cir. 2000) (quoting *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983)). When considering whether to award attorney fees, the court engages in a two-step analysis. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). First, the court must determine whether the case is exceptional. *Id.*; *see Octane Fitness*, 134 S. Ct. at 1756. If the case is exceptional, the court next evaluates whether an award of attorney fees is justified. *MarcTec, LLC*, 664 F.3d at 915.

District courts have considerable discretion to determine the amount of an attorney fees award under Section 285. *Homeland Housewares, LLC v. Sorensen Research*, 581 F. App'x 877, 881 (Fed. Cir. 2014). This arises from their "superior understanding of the litigation and the

3

desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* (quoting *Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012)).  To calculate attorney fees, the court uses the lodestar, which is the product of an attorney's reasonable hourly rate and the number of hours reasonably spent on litigation.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Bywaters*, 670 F.3d at 1228-29.  Though there is a strong presumption that the lodestar figure is a reasonable attorney fee, district courts may properly adjust the lodestar when it "fails to take into account a relevant consideration."  *Bywaters*, 670 F.3d at 1229.

## III.    DISCUSSION

The Court has already determined that this case is exceptional and an award of attorney fees is justified.  *See Exceptional Case Decision*, 2015 WL 4941793, at *4-5.  The remaining issue here is the amount of attorney fees to award.  As noted, the Court has already awarded $2,432,572.77 to All-Tag and Kobe Properties and $4,151,147.21 to Sensormatic, which represents partial attorney fees, costs, and interest.  *Id.* at *5.  The Court also awarded post-judgment interest in accordance with 28 U.S.C. § 1961.  *Id.*  Since then, Defendants Kobe Properties and All-Tag (collectively, "Kobe") jointly submitted and Sensormatic separately submitted supplemental bills of attorney fees and expenses in response to this Court's Order dated August 18, 2015.  Defendants submitted documentation of fees incurred between February 9, 2009 and August 25, 2015, with the former date being the date of this Court's *Fee Decision*. Kobe's supplemental bill breaks down as follows:

| | |
|---|---|
| Attorney Fees | $300,730.27 |
| Expenses | $12,085.69 |
| Prejudgment Interest | $1,213,739.12 |
| **Total** | **$1,526,555.08** |

Kobe's total excludes the post-judgment rate of $42.30 per day, or 0.39%, which is still accruing. Similarly, Sensormatic's supplemental bill breaks down as follows:

| | |
|---|---|
| Attorney Fees | $736,363.62 |
| Expenses | $11,293.57 |
| Prejudgment Interest | $2,138,212.70 |
| **Total** | **$2,885,869.89** |

Sensormatic's total excludes the post-judgment rate of $75.19 per day, or 0.39%, which is still accruing. The attorney fees in Defendants' bills of supplemental costs represent the lodestar, which the Court will initially presume to be reasonable. Also, under 28 U.S.C. § 1971, the Court finds post-judgment interest on supplemental fees and costs at the applicable rate of 0.39% to be appropriate.

Checkpoint does not challenge the reasonableness of time spent by defense counsel on various tasks nor does it challenge the specific rate at which counsel was paid. Rather, Checkpoint raises four types of objections to Defendants' supplemental bills: (1) objections to the total amount of fees awarded in the "reinstated" November 2, 2011 fee decision; (2) objections to Defendants' claim for supplemental fees; (3) objections to Defendants' claim for unreasonable or unrelated fees; and (4) objections to Defendants' claim for prejudgment interest. The Court will address each objection in turn.

### A. Objections to the Total Amount of Fees Awarded in the November 2, 2011 Fee Decision

Checkpoint first objects to the Court's partial award of attorney fees in its prior Order and Opinion dated August 18, 2015, the *Exceptional Case Decision*. There, the Court reinstated its original award. *See Exceptional Case Decision*, 2015 WL 4941793, at *5; *Fee Decision*, 2011 WL 5237573, at *6. In particular, Checkpoint argues that: (1) the award should be reduced based on the extent to which the case was found exceptional, (2) the award should be reduced because Defendants do not tie extra fees incurred to Checkpoint's misconduct, and (3) the award should be limited to the point at which Defendants could have shown non-infringement.

The Court rejects Checkpoint's arguments as an untimely attempt to have this Court reconsider its exceptional case finding.  In its *Exceptional Case Decision*, the Court had considered Checkpoint's arguments, which it re-raises here, before concluding that this case was exceptional under Section 285.  2015 WL 4941793, at *4-5.  Because Checkpoint did not raise its arguments in a timely motion for reconsideration within fourteen days of the Court's Order as required by Local Rule 7.1(g), it waives its objection.  Further, this Court is not required to reach the level of specificity that Checkpoint desires in assessing an appropriate award.  *See Homeland Housewares, LLC*, 581 F. App'x at 881 ("The district court, Sorensen contends, should have limited the award to the costs that Homeland incurred in responding to specific acts of litigation misconduct.  We decline, however, to require such granularity from the district court, particularly because it is the 'totality of the circumstances,' and not just discrete acts of litigation conduct, that justify the court's award of fees.").  Checkpoint's argument is therefore unpersuasive.

### B.  Objections to Defendants' Claim for Supplemental Fees

Checkpoint objects to Defendants' claim for supplemental fees incurred after February 9, 2009, which, in short, are all the fees at issue here.  These fees include those incurred in submitting bills of attorney fees and expenses after this Court's *Fee Decision* as well as fees incurred while litigating in the Federal Circuit and the Supreme Court.

Checkpoint first argues that Defendants are not entitled to fees incurred between February 2009 and November 2011.  These fees account for work performed after Defendants submitted their first bills of attorney fees and costs, but before the Court issued its *Fee Decision*.  Citing the *Exceptional Case Decision*, Checkpoint contends that Defendants are not entitled to these fees as they are neither "appellate fees" nor fees "incurred since November 2, 2011."  2015

WL 4941793, at *5.  Checkpoint, however, reads the *Exceptional Case Decision* too literally as the Court's intent was to award reasonable fees not already awarded, which would include fees and expenses incurred between February 2009 and November 2011.  *See Mathis v. Spears*, 857 F.2d 749, 756 (Fed. Cir. 1988) (awarding fees for preparation of motions for attorney fees as long as the rate charged was not excessive).

Nevertheless, the Court finds that Kobe's bill erroneously includes fees and expenses incurred prior to and including February 20, 2009 and Sensormatic's bill erroneously includes fees and expenses incurred prior to and including February 23, 2009, as those fees and expenses have already been accounted for in this Court's reinstated award.  *See* Defs.' Bills of Costs and Attorneys' Fees, Docs. 304-306.  Accordingly, this Court reduces Kobe's and Sensormatic's awards by those fee and expense amounts along with any prejudgment interest on these amounts.[1]  Because the Defendants' documentation does not possess sufficient granularity for the Court to determine the exact amount of reduction,[2] the parties shall confer as to the reduction in fees and expenses based on this Court's findings and submit a stipulation to the Court no later than seven (7) days after the date of this Opinion.

Checkpoint next argues that Defendants should not be awarded fees incurred while this case was on appeal in the Federal Circuit and Supreme Court because those proceedings were not independently exceptional and Defendants were not prevailing parties in those proceedings.  Again, Checkpoint requests that this Court reconsider its findings rendered in a prior opinion.  In

---

[1] The Court deducts fees incurred by Breiner & Breiner, L.L.C. on and between February 19, 2009 and February 20, 2009.  All-Tag's Supp. Bill of Attorney Fees and Expenses, Ex. A, Breiner Decl., Ex. 3, Doc. 354.  From Reed Smith LLP, the Court deducts fees incurred on and between October 9, 2008 and February 20, 2009.  *Id.* Ex. B, Quinn Decl., Ex. 1.  From Pepper Hamilton L.L.P., the Court deducts fees incurred on and between January 2, 2009 and February 23, 2009.  Sensormatic's Supp. Bill of Attorney's Fees and Expenses, Ex. 2, Tillery Decl., Ex A, Doc. 354.

[2] Specifically, the Court cannot discern the exact dates of Pepper Hamilton L.L.P.'s expenses incurred during the month of February 2009 on behalf of Sensormatic.

the *Exceptional Case Decision*, this Court specifically addressed the issues that Checkpoint raises and, in a proper exercise of equitable discretion, decided to award appellate fees "in order to compensate Defendants for defending a lawsuit brought in bad faith and to deter litigants from engaging in unreasonable conduct." 2015 WL 4941793, at *5; *see also Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 517 (Fed. Cir. 2014) ("Indeed, § 285 does not bar the trial court from awarding fees for the entire case, including any subsequent appeals."). Because it did not present this argument in a timely motion for reconsideration, Checkpoint waived this objection.

### C.  Objections to Defendants' Claim for Unreasonable or Unrelated Fees

Checkpoint's next objection concerns fees that it claims to be unreasonable because they were not incurred in defense of Checkpoint's patent claims. Specifically, Checkpoint contests fees related to the following matters: (1) $42,942.44 in fees relating to Sensormatic's potential indemnification claims against All-Tag; (2) $22,354.83 in fees relating to All-Tag Security S.A.'s bankruptcy in Belgium and assignment of claims to Kobe; (3) $3,976.08 in fees that appear to pertain to matters unrelated to this action; (4) $4,127.50 in fees based on entries that are substantially redacted; and (5) $28,499.88 in fees incurred by Defendants to prepare reply briefs that the Court did not authorize and did not accept.

Sensormatic responds by voluntarily reducing its claim for attorney fees by $55,000 in order to resolve disputes on matters (3)-(5) listed above. Def. Sensormatic's Reply 5, Doc. 364. Since those contested fees amount to approximately $37,000, the Court finds Sensormatic's reduction to be more than sufficient in resolving Checkpoint's objections on those matters.

Regarding Sensormatic's indemnification claims and All-Tag Security S.A.'s bankruptcy and assignment to Kobe, Checkpoint contends that fees related to such matters are "ancillary"

fees not incurred in defense of Checkpoint's claims.  Pl.'s Objections 15, Doc. 358.  The Court

disagrees.  Checkpoint itself brought Sensormatic, a distributor of All-Tag's products, into this

litigation.  Because it did not manufacturer the accused product, Sensormatic's claim of

indemnification against All-Tag was both predictable and related to its defense against

Checkpoint's patent claims.  *Cf. Armament Sys. & Procedures, Inc. v. IQ Hong Kong Ltd.*, 546

F. Supp. 2d 646, 657 (E.D. Wis. 2008) (awarding fees charged by an intervening defendant, who

intervened on the basis of an indemnity agreement with a named defendant, because it

reasonably incurred fees in defending itself against the risk to which the plaintiff exposed it).

Awarding fees related to Sensormatic's indemnification is therefore reasonable.

Further, the Court finds that fees incurred in relation to All-Tag Security S.A.'s

bankruptcy and assignment of rights to Kobe were done in large part in response to Checkpoint's

own production requests regarding the bankruptcy and assignment.  Letter from Pl. to the Court

(Nov. 19, 2014); Order dated Nov. 21, 2014, Doc. 336.  When Defendants performed work in

response to Checkpoint's challenge to Kobe's status as assignee, Checkpoint cannot then argue

that the work was unrelated to its claims.  Further, Checkpoint was aware that its liability to pay

attorney fees does not rely on Kobe's standing in this case.  *Fee Decision*, 2011 WL 5237573, at

*5-6 (citing *Automated Bus. Cos.*, 202 F.3d at 1356) (awarding fees invoiced to Kobe instead of

All-Tag because parties can recover fees even if those fees were paid by a non-party).

Accordingly, the Court rejects Checkpoint's objection and awards fees related to All-Tag

Security S.A.'s bankruptcy and assignment of rights to Kobe.

### D.  Objections to Defendants' Claim for Prejudgment Interest

Checkpoint's final objection is to Defendants' requested award for prejudgment interest.

In their supplemental bills, Defendants included prejudgment interest at the rate of 6%

compounded monthly.  Checkpoint argues that: (1) this Court did not award prejudgment interest in its *Exceptional Case Decision*, (2) an award of prejudgment interest is not automatic under Section 285, and (3) the interest rate sought by Defendants is exorbitant.

A district court may authorize prejudgment interest on an award made under Section 285. *Mathis*, 857 F.2d at 761.  Prejudgment interest, however, is not mandated.  *Id.* at 760-61 (comparing an award under Section 285, which contains no express authorization to award interest, with Section 284, which does).  Rather, in an exercise of equitable discretion, the court may award prejudgment interest in light of all the facts and circumstances.  *Id.* at 761.  Since prejudgment interest is a part of complete compensation, an award should place the prevailing party "in as good a position as he would have been had the events giving rise to the award not occurred."  *Beckman Instruments Inc. v. LKB Produkter AB*, No. R-85-3133, 1990 WL 10072480, at *11 (D. Md. Aug. 9, 1990), *aff'd*, 930 F.2d 37 (Fed. Cir. 1991).  The court also has discretion to determine whether the rate of prejudgment interest should be simple or compounded.  *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995).

This Court finds that an award of prejudgment interest is appropriate to ensure complete compensation to Defendants.  Because Checkpoint brought this case in bad faith, complete compensation should include money that Defendants did not have access to during litigation.  Further, the Court finds that a 6% interest rate, which is the statutory rate of interest in Pennsylvania, is appropriate.  Other courts have looked to state law on prejudgment interest to determine a reasonable rate.  *See, e.g., Veracode Inc. v. Appthority, Inc.*, Civil Action No. 12-10487-DPW, 2015 WL 5749435, at *45 (D. Mass. Sept. 30, 2015) (applying Massachusetts law in awarding prejudgment interest at a simple rate of 12%); *Drone Techs., Inc. v. Parrot S.A.*, No. 14cv0111, 2015 WL 3756318, at *11 (W.D. Pa. June 12, 2015) (ordering an award of

prejudgment interest at the Pennsylvania statutory rate of 6% compounded quarterly) ; *Beckman Instruments Inc.*, 1990 WL 10072480, at *11 (finding the appropriate rate of interest to be Maryland's statutory rate of 10% compounded annually).

As to whether the interest rate applied should be simple or compound, the Court agrees with Checkpoint that compounding is not appropriate.  Courts have consistently interpreted the Pennsylvania General Interest Act, 41 Pa. Cons. Stat. § 202, to mean 6% *simple* interest.  *See Pa. State Educ. Ass'n with Pa. Sch. Serv. Pers./PSEA v. Appalachia Intermediate Unit 08*, 476 A.2d 360, 363 (Pa. 1984) (holding that an award of compound interest is contrary to existing law); *Tobler v. W.C.A.B. (Verizon Pa., Inc.)*, 120 A.3d 448, 451, 455 (Pa. Commw. Ct. 2015) (noting that Pennsylvania has a "longstanding judicial policy disfavoring the awarding of compound interest absent explicit statutory language providing for it").  A greater award of interest would go beyond its compensatory purpose and be improperly punitive.  Accordingly, the Court will award prejudgment interest on attorney fees and costs at the simple rate of 6%.[3]

As with the Court's aforementioned reduction, the parties shall confer about the appropriate calculation and amount of prejudgment interest based on this Court's findings and submit a stipulation to this Court no later than seven (7) days after the date of this Opinion.  If the parties cannot agree, each side shall submit a brief setting forth its proposed calculation and amount of prejudgment interest no later than fourteen (14) days after the date of this Opinion.

## IV.   CONCLUSION

For the reasons set forth above, the Court awards supplemental attorney fees and expenses to Defendants according to the following: (1) to Kobe, $312,815.96 less fees and

---

[3] The Court is aware that an award of simple prejudgment interest may appear inconsistent with its grant of compounded prejudgment interest in its *Fee Decision*, which was recently reinstated.  Before the earlier decision, Checkpoint did not object to an award of prejudgment interest in response to Defendants' first bills of costs and so that objection was waived.  Here, however, Checkpoint raises a strong objection, which this Court duly considers.

expenses incurred prior to and including February 20, 2009, along with prejudgment interest at a simple rate of 6% and post-judgment interest at the statutory rate of 0.39%; and (2) to Sensormatic, $692,657.19 less fees and expenses incurred prior to and including February 23, 2009, along with prejudgment interest at a simple rate of 6% and post-judgment interest at the statutory rate of 0.39%.  This award is additional to the amounts already awarded of $2,432,572.77, with post-judgment interest, to Kobe and $4,151,147.21, with post-judgment interest, to Sensormatic.  *See Exceptional Case Decision*, 2015 WL 4941793, at *5.  An appropriate order follows.