UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHECKPOINT SYSTEMS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 01-CV-2223 |
| | : | |
| | : | |
| ALL-TAG SECURITY S.A., et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' SUPPLEMENTAL BRIEF CONCERNING THE
APPROPRIATE CALCULATION OF ATTORNEY'S FEES, EXPENSES,
PREJUDGMENT INTEREST AND POST-JUDGMENT INTEREST**

**I.      INTRODUCTION**

As it did with the Court's <u>Exceptional Case Decision</u>, Checkpoint reads the

Court's Supplemental Fee Decision too literally and in a convoluted, illogical, and unfair way

designed to again/still deny Defendants' "complete compensation" as provided by § 285 of the

Patent Act, <u>Octane Fitness</u>, and the clear language and obvious intent of this Court's several

Decisions.

The Parties agree on all relevant issues except two (2) points:[1]

(1)      Whether Sensormatic's voluntary deduction of $55,000 already includes

<u>Pre</u>judgment Interest; <u>and</u>

(2)      Whether <u>Pre</u>judgment or <u>Post</u>-Judgment Interest should apply to the

Original Awards of $4,151,147.21 to Sensormatic and $2,432,572.77 to Kobe from February

2009 through the present.

---

[1] After meeting and conferring with Checkpoint, Defendants understand that the amount of fees and expenses incurred and the method for calculating <u>Pre</u>judgment Interest on amounts incurred <u>after</u> February 23, 2009 for Sensormatic and after February 20, 2009 for Kobe are <u>not</u> in dispute.

As to the first, the record is clear that Sensormatic's voluntary deduction already included Prejudgment Interest.  As to the second point, there is no judgment yet from which any Post-Judgment Interest could run.  Thus, all interest up to the date of the entry of the Final Judgment must be Prejudgment Interest.

## II.     DEFENDANTS' CALCULATIONS

On December 2, 2015, the Court awarded supplemental attorney's fees and expenses to Defendants.  In doing so, the Court held "that an award of prejudgment interest is appropriate to ensure complete compensation to Defendants."  (Doc. 365, at 10) (emphasis added).  The Court found that a 6% simple interest rate should be applied to the supplemental amounts.  The Court also held that Sensormatic should exclude all fees and expenses incurred on or before February 23, 2009 and that Kobe should exclude all fees and expenses incurred on or before February 20, 2009.

In accordance with the Court's Memorandum and Order, Defendants recalculated their awards of attorney's fees and expenses as follows:

### SENSORMATIC

| | |
|---|---|
| Reinstated Original Award | $4,151,147.21 |
| Post-Original Award Attorney's Fees and Expenses | $597,074.04 |
| Total Prejudgment Interest on Original and Supplemental Awards from February 23, 2009 to December 9, 2015 at 6% Simple Interest | $1,780,881.49 |
| Less Voluntary Deduction to Resolve Disputes | -$55,000 |
| Sensormatic Total: | $6,474,102.74 |

-2-

---------------------------------------------------------------

### KOBE

| | |
|---|---|
| Reinstated Original Award | $2,432,572.77 |
| Post-Original Award Attorney's Fees and Expenses | $310,310.48 |
| Total Prejudgment Interest on Original and Supplemental Awards from February 20, 2009 to December 9, 2015 at 6% Simple Interest | $1,048,383.85 |
| Kobe Total: | $3,791,267.10 |

For the Court's convenience, Defendants have calculated Prejudgment Interest through December 9, 2015.[2]  Not included in these amounts is Post-Judgment Interest that will be calculated pursuant to 28 U.S.C. § 1961.

Sensormatic and Kobe provided an explanation of their revised calculations to Checkpoint along with a proposed stipulation reflecting the amounts.  Copies of the correspondence are attached hereto as Exhibits C and D.[3]  Checkpoint's response is attached hereto as Exhibit E.  Checkpoint provided no objection in writing or during the parties' "meet and confer" telephone conferences to the amount of fees or the manner of calculating Prejudgment Interest.

---

[2]  The Declarations of Keenan and Rhodes in support of Defendants' recalculated Prejudgment Interest are attached hereto as Exhibits A and B.

[3] In its correspondence, Sensormatic initially calculated Prejudgment Interest out to one additional day, but revised its calculations to be consistent with those of Kobe.

#36879640 v3

### III.    SENSORMATIC'S VOLUNTARY REDUCTION ALREADY INCLUDED PREJUDGMENT INTEREST

Checkpoint initially objected to $36,603.46 in fees claimed by Defendants on the bases that the fees appeared unrelated to this case, were redacted for privilege, or were incurred preparing reply briefs which were filed but not accepted by the Court.  (Doc. 358, at 15; *see also* (Doc. 364, at 5).   Although most, if not all, of these fees were proper, determining these objections would have required the Court to spend time evaluating individual billing entries and potentially examining the redacted entries *in camera*.   In order not to further burden the Court and spend additional time and money arguing over individual entries, Sensormatic voluntarily agreed to reduce its attorney's fees by $55,000, "an amount more than sufficient to include the $36,603.46 challenged by Checkpoint as well as any prejudgment interest sought on such amounts." (Doc. 364, at 5) (emphasis added).[4]  The Court accepted Sensormatic's proposal and held that:   "Since those contested fees amount to approximately $37,000, the Court finds Sensormatic's reduction **to be more than sufficient** in resolving Checkpoint's objections on those matters." (Doc. 365, at 8) (emphasis added).

Proving that no good deed goes unpunished, Checkpoint now delays this case by challenging the efforts of Sensormatic and the Court to streamline the proceedings.  Defendants understand from their "meet and confer" efforts that Checkpoint claims that it is entitled to further reduce the Sensormatic Total by an amount it claims is equal to the Prejudgment Interest calculated on the withdrawn contested fees.  As the Court and Sensormatic have both explained

---

[4] Sensormatic originally arrived at the $55,000 amount by calculating 6% compound interest on the $36,603.46 as if all of the billing entries occurred at the very beginning of the time period in February 2009, and then rounded up.  As the Court is aware, the billing entries occurred at various times after February 2009 and the Court subsequently held that Prejudgment Interest should be calculated using a simple interest rate rather than a compound rate.  In other words, the $55,000 remains more than the actual amount would be if Checkpoint was to properly calculate the Prejudgment Interest on each individual billing entry.

to Checkpoint, the $55,000 voluntary deduction already included and therefore subtracted Prejudgment Interest of $18,396.54 – which is more than sufficient to resolve Checkpoint's concern.

## IV.     POST-JUDGMENT INTEREST CANNOT BE APPLIED TO AMOUNTS BEFORE THERE IS A JUDGMENT

Checkpoint's position that Post-Judgment Interest should run on the Original Awards since February 2011 is contrary to the Court's Orders, the law, and common sense. There was a judgment for the Original Award amounts, but that judgment was VACATED (as a result of Checkpoint's appeal) by the Federal Circuit Court of Appeals in accordance with 28 U.S.C. § 2106.  The Federal Circuit remanded to the District Court for further proceedings but did not reinstate the prior judgment, as stated in this Court's December 2, 2015 Memorandum. (Doc. 265, at 2-3)

By definition, Post-Judgment Interest runs "from the date of the entry of the judgment." 28 U.S.C. § 1961(a).  A Judgment "must be set out in a separate document" and is effective when entered on the civil docket.  Fed. R. Civ. P. 58.  At this time, there is NO JUDGMENT from which "interest shall be allowed" in accordance with 28 U.S.C. § 1961 which requires a "money judgment."  In "meeting and conferring" with Checkpoint as required by this Court's Order, Defendants asked Checkpoint to identify on the Docket the specific judgment from which Checkpoint claims Post-Judgment Interest should run.  Checkpoint could not do so. Because none exists.

In its August 18, 2015 Memorandum, this Honorable Court reinstated the award rendered in the Fee Decision, along with post-judgment interest.  (Doc. 351, at 11).  However, the Court while "reinstating" the Fee Decision and indicating that it was "awarding" the original amount of fees to Defendants, did not yet enter a final judgment from which any Post-Judgment

#36879640 v3

Interest would follow, primarily because the Court also indicated that it would award Defendants additional attorney's fees incurred in the appellate proceedings.[5]  The Court explicitly held that because the Original Award was reversed by the Federal Circuit, the date for calculating Post-Judgment Interest was no longer the date of the Original Award.  (Doc. 351, at 11) (citing Federal Circuit precedent that "[w]here a previous judgment is vacated, any post-judgment interest must be determined based on the more recent judgment.").  Thus, any interest on the fees continues to run at Prejudgment rates.

As this Honorable Court said, "prejudgment interest is a part of complete compensation, an award should place the prevailing party 'in as good a position as he would have been had the events given rise to the award not occurred.' . . . . This Court finds that an award of prejudgment interest is appropriate to ensure complete compensation to Defendants.  Because Checkpoint brought this case in bad faith, complete compensation should include money that Defendants did not have access to during litigation."  (Doc. 365, at 10) (citation omitted; emphasis added).  Checkpoint's position will not provide Defendants with "complete compensation" and "money that Defendants did not have access to during [the] litigation."  Instead, Checkpoint now wants to pay only less than half a percent interest when Checkpoint had all that money to invest, buy up other companies, and otherwise compete with Defendants during the litigation.  (Doc. 351, at 6) ("The Court finds . . . Checkpoint's motive in bringing suit was not to assert its patent rights, but to interfere improperly with Defendants' business and to protect its own competitive advantage.").

---

[5] For this reason, the Court in its December 2, 2015 Memorandum referred to its "partial award of attorney fees in its prior Order and Opinion dated August 18, 2015" (Doc. 365, at 5) (emphasis added); once it determines the additional amounts of fees and interest to be awarded, the Court will then make a complete award and enter a Final Judgment for those amounts.

#36879640 v3

Since there is no judgment yet, Post-Judgment Interest cannot yet possibly run. Post-Judgment Interest can and will only begin to run as set forth in the Proposed Final Judgments of Defendants from the date of the entry of a Final Judgments by this Honorable Court.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that Judgment be entered in their favor against Checkpoint in the form of the proposed Judgment attached hereto as Exhibit F.

Respectfully submitted,


/s/ Theodore A. Breiner                              /s/ M. Kelly Tillery
Theodore A. Breiner                                 M. Kelly Tillery
BREINER & BREINER, L.L.C.                           Erik N. Videlock
115 North Henry Street                              Charles S. Marion
Alexandria, Virginia 22314                          PEPPER HAMILTON LLP
703-684-6885                                        3000 Two Logan Square
                                                    18th and Arch Streets
Tracy Zurzolo Quinn                                 Philadelphia, Pennsylvania 19103
REED SMITH LLP                                      215-981-4000
Three Logan Square
1717 Arch Street, Suite 3100                        *Attorneys for Defendant Sesnsormatic*
Philadelphia, Pennsylvania 19103                    *Electronics Corporation*
215-851-8100

*Attorneys for Defendants*
*Kobe Properties SARL, All-Tag Security S.A.,*
*and All-Tag Security Americas, Inc.*


Dated:  December 14, 2015

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on the 14th day of December, 2015 a true and correct copy of Defendants' Supplemental Brief Concerning the Appropriate Calculation of Attorney's Fees, Expenses, Prejudgment Interest and Post-Judgment Interest was served via email and U.S. Mail upon the following:

Robert J. Palmersheim
Anand Mathew
HONIGMAN MILLER SCHWARTZ AND COHN LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606

Dennis Suplee
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103

*/s/Alexander L. Harris*
Alexander L. Harris