**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHECKPOINT SYSTEMS, INC., : <br>   : <br> Plaintiff, : <br>   : <br> v. : <br>   : <br> ALL-TAG SECURITY S.A., : <br> ALL-TAG SECURITY AMERICAS, INC., : <br> SENSORMATIC ELECTRONICS CORP., : <br> And KOBE PROPERTIES SARL, : <br>   : <br> Defendants. : <br>   : | Civil Action No. 01-2223 (PBT) |

**CHECKPOINT SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION
OF THE COURT'S AUGUST 7, 2018 ORDER**

Defendants' motion for partial reconsideration of the Court's August 7, 2018 Order challenges $118,961.00 of the $276,164.64 awarded to Plaintiffs pursuant to Plaintiffs' Second Bill of Costs. The portion which Defendants challenge in their motion to reconsider relates to the costs Checkpoint incurred to file its notice of appeal and stay execution of the judgment in Checkpoint's first appeal to the Federal Circuit. In the first appeal, the Federal Circuit vacated the $6.6 million judgment. Thus, had Checkpoint not posted its bond, Defendants could, and would, have executed on the judgment within 14 days. By posting the bond, Checkpoint stayed execution of the judgment and preserved its rights until the judgment was reversed on appeal.

Defendants' motion to reconsider should be denied for two reasons. First, Defendants present no grounds for a motion to reconsider. The argument they make now is the exact same argument they have made *five times before*. Rehashing the same tired argument is not grounds for reconsideration of the Court's Order. Second, Defendants are wrong on the facts. The

Federal Circuit explicitly awarded Checkpoint costs for its first appeal and never held that such costs should be excluded.

## I.  DEFENDANTS FAIL TO PRESENT ANY BASIS TO RECONSIDER THE COURT'S AUGUST 7, 2018 ORDER.

Defendants present no grounds to reconsider the Court's August 7, 2018 Order. They raise no intervening change in the controlling law and no new evidence that was not available when the Court granted the motion. Nor do Defendants present any need to correct a clear error of law or fact or to prevent manifest injustice.

Defendants' motion to reconsider merely repeats the arguments they previously made *ad nauseum* to both this Court and the Federal Circuit. A motion to reconsider is not intended to simply rehash an argument that Defendants previously made. *Taksir v. Vanguard Grp., Inc.*, 273 F. Supp. 3d 559, 544 (E.D. Pa. 2017). Nor is it permitted "simply to allow Defendants a 'second bite at the apple.'" *Id*. Here, Defendants made the exact same argument they make now—that Checkpoint is not entitled to costs for its first appeal—in their:

(1) July 3, 2017 Objections to Checkpoint's Second Bill of Costs [Dkt. 383];

(2) July 6, 2017 Objections to Checkpoint's Bill of Costs in the Federal Circuit [Fed. Cir. 16-1397, Dkt. 61];

(3) July 6, 2017 Motion for Miscellaneous Relief Requesting that the Court Deny Costs in the Federal Circuit [Fed. Cir. 16-1397, Dkt. 62].

(4) February 12, 2018 Opposition to Checkpoint's Motion to Lift Stay and Tax Costs [Dkt. 390]; and,

(5) April 12, 2018 Opposition to Checkpoint's Motion to Lift Stay and Tax Costs [Dkt. 394].

Simply arguing that the Court "appears to have overlooked" an argument that Defendants have already made *five times* is not grounds for reconsideration.[1]

## II. CHECKPOINT IS ENTITLED TO COSTS FOR ITS FIRST APPEAL.

Defendants' argument that Checkpoint is not entitled to costs for its first appeal to the Federal Circuit must be rejected.

First, Defendants already raised this argument in the Federal Circuit and the Federal Circuit rejected it.  Defendants' motion for "miscellaneous relief" argued that Checkpoint's Bill of Costs in the District Court includes "premiums for a supersedeas bond pending this appeal and $118,506.00 in costs for the supersedeas bond in the first appeal to this Court on the attorney fees award." Ex. A [Fed. Cir. 16-1397, Dkt. 62] ¶¶ 4, 6, 8, 12 (emphasis in original.)  The Federal Circuit denied Defendants' motion and did not hold that the bond premiums Checkpoint paid in the prior appeal should be excluded from Checkpoint's taxable costs.  To the contrary, the Federal Circuit held that "[o]n the record and in accordance with the Rules, Checkpoint is entitled to include in its taxable costs the premiums paid for the bond." Ex. B [Fed. Cir. 16-1397, Dkt. 65].

Second, Defendants' argument is not supported by the facts.  On November 2, 2011, this Court entered judgment against Checkpoint for $6,583,719.98.  [Dkt. 314.]  Checkpoint moved to stay execution on the judgment and preserve its rights by posting a supersedeas bond, which this Court accepted and approved.  [Dkt. 315, 321.]  On March 25, 2013, the Federal Circuit reversed the judgment in its entirety.  [Dkt. 324.]  Pursuant to Federal Rule of Appellate Procedure 39(a)(3), "if a judgment is reversed, costs are taxed against the appellee."  In

---

[1] Defendants also argue "in the alternative" that the Court "misapplied the law in granting such costs."  [Dkt. 398-1, p. 3.]  Defendants, however, present no case law to support their argument and thus it must be summarily rejected.

3

accordance with Fed. R. App. P. 39(a)(3), the Federal Circuit remanded to this Court "for taxation of costs for district court proceedings." Ex. C [Fed. Cir. 12-1085, Dkt. 70].

Defendants' argument that the Supreme Court subsequently granted Defendants' petition for writ of certiorari in the first appeal is inconsequential. The Supreme Court remanded to the Federal Circuit for determination under the new standard enunciated under *Octane Fitness* and *Highmark*, and the Federal Circuit remanded back to this Court. Once the issue was back before the Federal Circuit, the Federal Circuit once again vacated the judgment. Neither the Supreme Court nor the Federal Circuit ever reinstated the original vacated judgment for which Checkpoint posted a bond in its first appeal. Thus, unless Checkpoint posted a bond in accordance with Federal Rule of Civil Procedure 62(b), Defendants could, and would, have executed on this Court's $6.6 million judgment within 14 days. By posting the bond, Checkpoint stayed execution of the judgment and preserved its rights until the judgment was reversed on appeal.

Defendants' argument that upon remand from the Supreme Court, the Federal Circuit remanded to this Court without taxing costs is likewise a red herring. Checkpoint does not seek any costs for that intermediary proceeding. The proceedings for which Checkpoint seeks its costs are as follows:

| Case No. | Proceeding | Checkpoint Seeking Costs |
|---|---|---|
| Dist. Ct. No. 01-2223 | Original District Court proceedings | No |
| Fed. Cir. No. 12-1085 | Checkpoint's first appeal to the Federal Circuit | Yes – Pursuant to the Federal Circuit's Sept. 30, 2013 Order granting costs (Ex. C) |
| Sup. Ct. No. 13-788 | Defendants' appeal to the Supreme Court | No |
| Fed. Cir. No. 12-1085 | Remand proceedings in the Federal Circuit | No |
| Dist. Ct. No. 01-2223 | Remand proceedings in the District Court | No |

| Fed. Cir. No. 16-1397 | Checkpoint's second appeal to the Federal Circuit | Yes – Pursuant to the Federal Circuit's Aug. 31, 2017 Order granting costs (Ex. B) |

Nothing in the Federal Circuit's remand order precludes Checkpoint from seeking the costs it was explicitly awarded in its first and second appeals to the Federal Circuit.

## **CONCLUSION**

For the reasons stated above, Checkpoint Systems, Inc. respectfully requests that this Court deny Defendants' Motion for Partial Reconsideration of the Court's August 7, 2018 Order, and grant such other and further relief as justice may require.

Dated: August 28, 2018

Respectfully submitted,

/s/ Anand C. Mathew
One of the attorneys for Plaintiff Checkpoint Systems, Inc.

Dennis R. Suplee
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 191003
Tel: 215.751.2068
dsuplee@schnader.com

Robert J. Palmersheim
Anand C. Mathew
PALMERSHEIM & MATHEW LLP
401 N. Franklin Street, Suite 4S
Chicago, IL 60654
Tel: 312.319.1791
rjp@thepmlawfirm.com
acm@thepmlawfirm.com

## **CERTIFICATE OF SERVICE**

I, Anand C. Mathew, an attorney, certify that on August 28, 2018, I caused a true and correct copy of the foregoing to be served via email through the ECF system upon the following:

M. Kelly Tillery (tilleryk@pepperlaw.com)
Erik N. Videlock (videlocke@pepperlaw.com)
Charles S. Marion (marionc@pepperlaw.com)
PEPPER HAMILTON LLP
3000 Two Logan Place
Eighteenth and Arch Streets
Philadelphia, PA 19103

Theodore A. Breiner (tbreiner@bbpatlaw.com)
BREINER & BREINER LLC
115 North Henry Street
Alexandria, VA 22314

Tracy Zurzolo Quinn (tquinn@reedsmith.com)
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103

/s/ *Anand C. Mathew*